UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JONATHAN LEE SALDAÑA,

    Plaintiff,

v.                                                                 Case No. 16-CV-1577

RALPH LEYENDECKER, et al.,

    Defendants.

---

### DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND ORDERING PLAINTIFF TO FILE A COMPLETE COMPLAINT

---

    Plaintiff Jonathan Lee Saldaña, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983. This matter is before me on Saldaña's motion to proceed without prepayment of the filing fee (Docket # 2) and for screening of his complaint (Docket # 1).

*Saldaña's Motion to Proceed without Prepayment of the Filing Fee*

    The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On December 9, 2016, I ordered Saldaña to pay an initial partial filing fee of $16.70. Saldaña paid that fee on January 10, 2017. As such, I will grant his motion to proceed without prepayment of the full filing fee; he must pay the remainder of the filing fee as set forth at the end of this order.

## Saldaña's Complaint

In reviewing Saldaña's complaint, I noted that Saldaña had a second case: Case No. 16-CV-1573, which he filed two days prior to this case and over which Judge JP Stadtmueller was presiding.[1] The Case No. 16-CV-1573 complaint is nearly identical to the complaint in this case. The only difference is that pages 2 and 3 of the complaint in this case are not included in the Case No. 16-CV-1573 complaint.

On December 9, 2016, the plaintiff sent a letter to the court, which was docketed in Case No. 16-CV-1573 (Docket # 8.) In that letter, Saldaña explained that he had filed his complaint on November 23, 2016. Shortly thereafter, he noticed that some of the pages were missing, so he gave the complete complaint (with the missing pages) to prison staff to file. However, he did so without explaining his intentions to the court, so when the court received the complete complaint, it assumed it was a *different* complaint and opened up a second case (this case, Case No. 16-CV-1577). The fact that the second filing was intended only to *replace* the first filing was not discovered until I began to review the complaint in order to screen it pursuant to 28 U.S.C. §1915A.

On January 9, 2017, Judge Stadtmueller dismissed Case No. 16-CV-1573 because plaintiff failed to pay the initial partial filing. Thus, for practical purposes, we are currently in the position we should be: namely, Saldaña has a single case pending. The only problem is that, in Case No. 16-CV-1573, Saldaña indicated that he did not want a U.S. Magistrate Judge to preside over his case. He has not filed such a refusal in this action; however, that is likely because he did not intend to have *two* different cases pending. Accordingly, I will

---

[1] Case No. 16-CV-1573 was initially assigned to me, but on December 9, 2016, Saldaña filed a refusal to consent to jurisdiction by a U.S. Magistrate Judge, so the case was reassigned to Judge Stadtmueller.

Case 2:16-cv-01577-JPS   Filed 01/12/17   Page 2 of 4   Document 6

order Saldaña to file a consent/refusal form in this case. If he does not want a U.S. Magistrate Judge to preside over his case, the clerk of court will reassign this case to a U.S. District Court Judge.

Finally, in reviewing Saldaña's complaint, I noted that page 5 of the complaint ends mid-sentence and is not continued on page 6. Thus, it appears that plaintiff's complaint is *still* missing pages. I will not screen an incomplete complaint. I will give plaintiff time to file a complete complaint. Before he submits his complaint to prison staff for filing, he should carefully review the entire document to ensure that it is complete.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepaying the full filing fee (Docket # 2) is **GRANTED**.

**IT IS ALSO ORDERED** that the warden of the institution where plaintiff is confined, or his designee, shall collect from plaintiff's prisoner trust account the $333.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). Payments shall be clearly identified by case name and number.

**IT IS FURTHER ORDERED** that plaintiff shall complete and submit the enclosed form regarding magistrate jurisdiction by **February 3, 2017.**

**IT IS ALSO ORDERED** that plaintiff shall submit a complete complaint by **February 3, 2017**. If plaintiff fails to submit a complete complaint by the deadline, the court may dismiss his case based on his failure to prosecute it.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 12th day of January, 2017.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge