# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JONATHAN LEE SALDANA,

                Plaintiff,

v.

CORPORAL R. LEYENDECKER, C.O. T. VANEGEREN, C.O. R. LONGSINE, CORPORAL WEED, CORPORAL M. ANDERSON, CORPORAL LANGAN, LIEUTENANT J. RHODE, LIEUTENANT HALASI, and LIEUTENANT TIMRECK,

                Defendants.

Case No. 16-CV-1577-JPS

**ORDER**

      The plaintiff, who is incarcerated at Stanley Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). Magistrate Judge Nancy Joseph previously granted the plaintiff's motion to proceed *in forma pauperis*. (Docket #6). The plaintiff has been assessed and paid an initial partial filing fee of $16.70. 28 U.S.C. § 1915(b)(4).

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

The plaintiff's primary allegations center on his claim that, while incarcerated at the Brown County Jail (the "Jail"), he was not afforded adequate access to legal materials. (Docket #13 at 2-6). Specifically, as an

inmate held in the segregation unit, known as "Fox Pod," the plaintiff was not allowed to use the Jail's law library. *Id.* at 3. The plaintiff also complains that the Jail does not provide sufficient legal aid to *pro se* inmates, such as allowing them to use the library even when on segregation status, and permitting them to make free copies of legal documents. *Id.* at 5-6.

The plaintiff also appears to allege other claims. He asserts that the Jail's grievance procedures violated his due process rights. *Id.* at 4. He further alleges that he was placed in the segregation unit based on an unconstitutional policy implemented by the Jail. Namely, if an inmate accrued segregation time in a previous stay at the Jail, the Jail would continue to enforce that punishment upon the inmate's re-entry in the Jail, until the segregation sentence was completed. *Id.* at 3-4. For relief, the plaintiff requests monetary damages and "that Brown County Jail Administration, Staff and all Defendants . . . begin to consider State, Federal, Civil and Constitutional Rights not only for myself, [b]ut for all Incarcerated persons alike. Specifically Fox-Pod where Individuals such as myself are 'not entitled' to exercise our Constitutional Rights." *Id.* at 7.

In its current form, the complaint fails to state any viable claims for relief. The plaintiff's issues with legal materials are in the form of an "access-to-courts" claim. Such a claim has two required elements: "[f]irst, the prisoner must prove that prison officials failed to assist in the preparation and filing of meaningful legal papers[, and] [s]econd, he must show some quantum of detriment caused by the challenged conduct of state officials." *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). Even assuming the plaintiff has adequately alleged the first element, the complaint says nothing about the second. The

second element requires the plaintiff to "allege an actual injury," namely "that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy*, 674 F.3d 658, 660-61 (7th Cir. 2012). The plaintiff does not allege what underlying court action he is litigating which was impeded by the Jail's library and legal material policies.

The Court notes further problems with the complaint on this point. First, the plaintiff states that he is proceeding *pro se* in what the Court assumes is the underlying court action. (Docket #13 at 5). If that action is a criminal case where he is entitled to appointed counsel, and he has refused that counsel, he cannot present an access-to-courts claim for inadequate access to legal materials affecting his ability to defend himself. *See Alexander v. Shan*, 161 F. App'x 571, 576 (7th Cir. 2005) ("Pretrial detainees have access to legal assistance through their appointed counsel, and refusing counsel's assistance does not give rise to a right of access to legal materials.").

Second, the plaintiff conclusorily alleges that each of the defendants contributed to violating his access-to-courts rights. (Docket #13 at 7). However, this claim seems to be posed as one against the Jail's overarching policies on library access and legal materials, not as to any particular defendant's individual actions related to those issues. *See id.* at 2-6 (the plaintiff repeatedly levels accusations at "Brown County Jail" itself). Though Brown County is not named as a defendant, such a claim might be permissible pursuant to the *Monell* doctrine. *See Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).[1] *Monell* establishes that entities

---

[1] Brown County, and not the Jail itself, would be the proper party; the Jail is not a separate suable entity. *Averhart v. City of Chicago*, 114 Fed.Appx. 246, 247 (7th Cir. 2004).

like Brown County may be liable under Section 1983 if "the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 690). If this is the claim the plaintiff wishes to pursue, he must provide allegations regarding these elements. For instance, the current complaint says nothing about any of the defendants' policymaking authority. Further, the plaintiff should know that a *Monell* claim requires proof of an underlying constitutional violation. *Houskins v. Sheahan*, 549 F.3d 480, 493-94 (7th Cir. 2008). He must therefore allege a valid access-to-courts claim before he could proceed on a *Monell* theory.

Finally, the complaint repeatedly mentions other inmates and implies that it seeks relief on their behalf. *See, e.g.*, (Docket #13 at 7). The plaintiff cannot pursue such relief. No other inmates are named as plaintiffs or signed the complaint. *See id.* at 1, 8. To the extent the plaintiff wished to proceed with a class action, courts have repeatedly declined to allow *pro se* prisoners to represent a class. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit an imprisoned *pro se* litigant to represent his fellow inmates in a class action); *Lee v. Gardinez*, Civil No. 11-570, 2012 WL 143612 *1 n.1 (S.D. Ill. Jan. 18, 2012) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action.") (quoting *Craig v. Cohn*, 80

F.Supp.2d 944, 946 (N.D. Ind. 2000); *see also Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

As to the plaintiff's other claims regarding grievances and segregation assignment, no matter their merits, they cannot be brought in this lawsuit. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Federal Rule of Civil Procedure ("FRCP") 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, FRCP 18(a) provides that a "party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, the court in *George* reminded district courts that FRCP 20 applies as much to prisoner cases as it does to any other case. *Id.* at 607. Under FRCP 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." The grievance and segregation assignment issues are unrelated to the access-to-courts claim and must therefore be brought in separate lawsuits.

The Court will permit the plaintiff to file an amended complaint curing the deficiencies in the original complaint as described herein. The amended complaint must be filed on or before **March 24, 2017**. Failure to file an amended complaint within this time period may result in dismissal of this action. The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The plaintiff is further advised that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that on or before **March 24, 2017**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS; doing so will only delay the processing of this matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge